IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JENSEN KEN ALEXANDER,** | )<br>) |
| Plaintiff, | )<br>) |
| | )   Case No. 7:20CV00766 |
| v. | )<br>)   **OPINION** |
| | ) |
| **JOSEPH ELY, ET AL.,** | )   BY JUDGE JAMES P. JONES |
| | ) |
| Defendants. | )<br>) |

*Jensen Ken Alexander, Pro Se Plaintiff;* Richard C. Vorhis, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, *Richmond, Virginia, for Defendants.*

The plaintiff, Jensen Ken Alexander, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights related to his security classification. The defendants have responded with a Motion to Dismiss. The court notified Alexander of the defendants' motion on November 2, 2021, granting him twenty-one days to respond. The court's notice warned Alexander that failure to respond to the defendants' argument and evidence within the allotted time would be interpreted as a loss of interest in prosecuting the case and would result in dismissal of the case without prejudice.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). When considering dismissal for failure to prosecute, the court must evaluate four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of any drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in the defendants' favor, Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice. *Payne ex. rel Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

Since the court's Notice, Alexander has not filed any responsive pleading addressing the defendants' arguments or evidence, nor has he filed a motion requesting additional time to do so. I conclude that while Alexander may be personally responsible for failing to comply with the court's order, despite being warned of impending dismissal without prejudice, there is otherwise no history of his deliberately delaying the case or causing prejudice to defendants. Therefore, I find that dismissal without prejudice is the appropriate sanction.

A separate final order will be entered herewith.

DATED:   December 8, 2021

/s/  JAMES P. JONES  
Senior United States District Judge