## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **JENSEN KEN ALEXANDER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00302 |
| | ) | Case No. 7:20CV00766 |
| | ) | Case No. 7:21CV00312 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JOSEPH ELY, ET AL.,** | ) | Judge James P. Jones |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Jensen Ken Alexander, Pro Se Plaintiff; Richard C. Vorhis and Timothy E. Davis,* Office of the attorney general of virginia, *Richmond, Virginia, for Defendants.*

The plaintiff, Jensen Ken Alexander, a Virginia inmate proceeding pro se, has filed these three civil rights actions under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights related to his law library access, his security classification, and his religious rights.  After review of the records in these cases, I find impermissible overlap between the claims in Alexander's first case and his later two cases.  To allow him to litigate his claims only once and in the most just and efficient fashion, I will administratively close Case No. 7:20CV00302 and apply the money Alexander paid for that lawsuit toward satisfaction of the filing fees that he has agreed to pay in the other two cases.

Alexander filed this § 1983 action in May 2020, paying the full $400 filing costs.[1]  He alleged three claims: (1) because he is confined at Wallens Ridge State Prison, a Security Level ("SL") 5 prison, he has not been not allowed physical access to the law library; (2) he has been wrongfully assigned to a SL5 prison, despite the fact that he is classified as an SL3 inmate; and (3) on three days in December 2019, prison officials used the same cart to serve and retrieve Common Fare Diet trays, in violation of his religious rights.  The court granted Alexander an extension of time — until November 9, 2020 — to accomplish service of process on the defendants. He failed to do so.  Therefore, the court dismissed the case without prejudice on December 2, 2020.

In May 2021, the court granted Alexander's motion for an extension of time to accomplish service and reinstated the case to the active docket of the court. Alexander has now been granted in forma pauperis status to allow the Clerk's office to serve the defendants, but the court has not yet directed the Clerk to do so.

Alexander filed his second § 1983 action in December 2020, Case No. 7:20CV00766.  This Complaint raises the identical three claims Alexander presented

---

[1] This case was initially assigned to Chief Judge Michael F. Urbanski but was later transferred to District Judge Thomas T. Cullen in September 2020 and was reassigned to me on January 10, 2022.

in his prior § 1983 case and names the same defendants.[2]  In Case No. 7:20CV00766, Alexander applied for, and was granted, the opportunity to pay the filing fee through installments withheld from his inmate trust account, pursuant to 28 U.S.C. § 1915(b).   The court then notified him that his Complaint included misjoined claims and defendants and that it failed to include a statement of facts concerning the actions of individual defendants.  In May 2021, Alexander filed an Amended Complaint, raising the same three claims, but stating additional facts.  The court then severed Alexander's three claims into two lawsuits.   Case No. 7:20CV00766 retained his first two claims, concerning his classification status and law library access, while a new and separate civil action, Case No. 7:21CV00312, contained his third claim about violation of his religious rights.  Alexander consented to pay the filing costs for both cases, the clerk accomplished service upon the defendants, and the defendants filed Motions to Dismiss.

Alexander timely responded to the Motion to Dismiss in Case No. 7:21CV00312, and it is ready for the court's consideration.  Alexander did not file a timely response to the Motion to Dismiss in Case No. 7:20CV00766.  Therefore, in December 2021, I dismissed that case without prejudice.  Alexander has moved to reopen the case.  He has now provided his response to the Motion to Dismiss and

---

[2]  This case was initially assigned to me, unlike Alexander's prior case, No. 7:20CV00302.

submits evidence that he delivered that response to prison authorities to be mailed to the court within the allotted response time. *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (holding prisoner's pleading is considered filed when delivered to prison officials for mailing to the court). I will grant the motion and reinstate Case No. 7:20CV00766 to the court's active docket. The Motion to Dismiss already filed in that case will also be reinstated and will be considered ready for a decision.

As the factual summary of the three cases reflects, the claims Alexander was attempting to litigate in Case No. 7:20CV00302 are the same claims he is currently litigating in Case No. 7:20CV00766 and the new, severed civil action, Case No. 7:21CV00312. I cannot permit Alexander now to pursue the newly reinstated and misjoined claims in Case No. 7:20CV00302, when he is already being permitted to litigate the identical claims in separate actions to which the defendants have already responded. On the other hand, I recognize that Alexander paid the full $400 filing costs for Case No. 7:20CV00302, while he has also agreed to pay additional filing costs to pursue his other two cases, which raise the same claims. To resolve these issues fairly, I will administratively close Case No. 7:20CV00302, but will direct the clerk to apply all money paid toward the filing costs for that action toward satisfaction of the filing costs assessed against Alexander in his other pending lawsuits, Case No. 7:20CV00766 and Case No. 7:21CV00312.

In accordance with the foregoing, it is hereby **ORDERED** as follows:

1. The motions seeking to reopen Case No. 7:20CV00766, ECF Nos. 24 and 25, are GRANTED, and this case is hereby REINSTATED to the active docket of the court;

2. Case No. 7:20CV00302 is hereby DISMISSED WITHOUT PREJUDICE as duplicative of Case Nos. 7:20CV00766 and 7:21CV00312; and

3. The Clerk is DIRECTED to credit all money paid toward filing costs in Case No. 7:20CV00302 toward the filing costs of Alexander's other two pending § 1983 actions, Case No. 7:20CV00766 and Case No. 7:21CV00312.

ENTER:  January 19, 2022

/s/  JAMES P. JONES
Senior United States District Judge